Southard J.
This was an action upon a bail bond, and objections have been urged.
1. It is said that the bond was not obligatory. It appears, by the transcript, that the constable testified, that the parties acknowledged their signatures to it, and he told them, he would put the seals to it afterwards. It was not, then, a bail bond, when executed. It was defective, and the fixing the seals afterwards, was altogether improper.
2. The constable, who took the bond, was sworn. He is said to have been interested, but I do not perceive how it can be avoided to swear him, in such cases, whatever may be his interest. He is, like an agent, a witness ex necessitate.
3. It is said that the defendant did appear, according to the bond, and therefore it was not broken. Here we get into an inquiry into the merits, in a way, not very easy to be reconciled, to the course of proceeding, on *935 certiorari. But we will look at it. Tlie bond was, to appear before justice Latourette; justice Laiov/rette’s docket,' says, that the defendant appeared, at the time stated in the bond; that the plaintiff gave a note of hand, in evidence, and the defendant acknowledged the justness of the demand, and he gave judgment, &c. This transcript would, therefore, seem to shew, that the defendant had not broken his bond ; but this court admitted affidavits to be taken, and, by them, it appears, that while the justice ivas filling up an execution, and while the constable was not observing Smalley, he left the room and run off; and, therefore, it is argued, that his bond was broken.
The first act on this subject, {Bloom. 54) required the defendant to be taken before the justice, &c. and give security to answer the action, in the form of a common recognizance of bail; that if he did not appear, or if he was condemned in the action, he should pay the costs and condemnation money, or surrender himself up to the constable, on execution, to be thereafter issued, against him, on the day judgment shall be obtained ; and if he fail, &c. But the law was afterwards altered, and the constable permitted to take a bond, for the appearance of defendant, at a given day. This bond, in its terms, does not follow' the recog*nizance, formerly taken, by the justice. It is merely, that the defendant shall appear, &c. and answer unto the complaint of said plaintiff; then the bond to be void. Now, it appears to me, that this defendant did appear, and answer. He did every thing which he-could be required to do. Judgment was rendered upon his answer; and the execution was, in part, filled up.
If the law intended to compel him to abide longer, and to surrender himself, at any time, on the judgment, it Y'ould not have required the constable to be there, to secure, and take him in custody. The bond would have been sufficient security.
Judgment reversed.